UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SUCHODOLSKI ASSOCIATES, INC., et al.,          :          <u>ORDER</u>

                        Plaintiffs,          :          03 Civ. 4148 (WHP)

             -against-          :

CARDELL FINANCIAL CORP.,          :

                     Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CARDELL FINANCIAL CORP., et al.,          :

                    Petitioners,          :          04 Civ. 5732 (WHP)

             -against-          :

SUCHODOLSKI ASSOCIATES, INC., et al.,          :

                   Respondents.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

            Cardell Financial Corporation ("Cardell" or "Defendant") moves for (1) an

injunction prohibiting Suchodolski Associates, Inc. ("SAI") and Consultadora Worldstar, S.A.

("Worldstar") (collectively, "Plaintiffs") from pursuing certain claims in Brazil; (2) an order of

civil contempt for Plaintiffs' purported failure to comply with this Court's orders; and (3)

attorneys' fees and costs incurred by Cardell in connection with these motions.  For the reasons

set forth below, Cardell's motions are granted in part and denied in part.

BACKGROUND

On January 3, 2006, this Court issued an Order granting in part and denying in part Cardell's request to enjoin Plaintiffs' claims in Brazil (the "January 3 Order"), familiarity with which is assumed.  See Suchodolski Assocs., Inc. v. Cardell Fin. Corp., No. 03 Civ. 4148 (WHP), 2006 WL 10886 (S.D.N.Y. Jan. 3, 2006).[1]

On August 2, 2005, Plaintiffs commenced the Brazilian Action against Cardell, Deltec, two Deltec subsidiaries and several Deltec managers in the First Civil Court of Sao Paulo.  Suchodolski, 2006 WL 10886, at *2.  The Brazilian Complaint essentially asserts two claims.  The first is that Cardell breached its fiduciary duty and abused its control of Deltec by causing Deltec to default on payments owed under the Loan Agreement.  Suchodolski, 2006 WL 10886, at *2.  Second, the Brazilian Complaint alleges that Cardell failed to conduct the Auction in a commercially reasonable manner.  Suchodolski, 2006 WL 10886, at *2.

The January 3 Order enjoined Plaintiffs from asserting the breach of fiduciary duty and abuse of control claim in the Brazilian Action.  That claim related to the Award, which was confirmed by this Court.  Therefore, an anti-suit injunction was necessary to protect this Court's jurisdiction over the Award and to prevent the frustration of policies favoring the arbitration of disputes and the enforcement of forum selection clauses.  Suchodolski, 2006 WL 10886, at *3.  However, the Court declined to enjoin the Auction claim, which was not before the Panel when the Award was issued.  Suchodolski, 2006 WL 10886, at *3-4.

On July 25, 2006, Cardell filed an arbitration demand with the American Arbitration Association ("AAA") seeking, inter alia, a declaratory judgment that it conducted the Auction in a commercially reasonable manner.  (Affidavit of John H. Doyle, III, dated Sept. 29, 2006 ("Doyle Aff.") ¶ 4.)  On August 16, 2006, Plaintiffs filed an answer and a third party

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the January 3 Order.

demand for arbitration against Deltec.  (Doyle Aff. ¶ 4.)  The third party demand requests

indemnification from Deltec for the $2.5 million Cardell paid for Plaintiffs' Deltec shares at the

Auction.  (Doyle Aff. Ex. 4 at 4.)  After initiating arbitration, Cardell requested that Plaintiffs

withdraw the Auction claim from the Brazilian Action.  (Doyle Aff. ¶ 5.)  Plaintiffs refused, and

Cardell moved to enjoin the Auction claim by order to show cause dated October 3, 2006.

(Doyle Aff. ¶ 5.)


DISCUSSION

An injunction enjoining a party from pursuing a parallel litigation in a foreign

forum "may be imposed only if: (A) the parties are the same in both matters, and (B) resolution

of the case before the enjoining court is dispositive of the action to be enjoined."  Paramedics

Electromedicina Comercial, Ltda. v. GE Medical Sys. Info. Techs., Inc., 369 F.3d 645, 652 (2d

Cir. 2004); SG Avipro Fin. Ltd. v. Cameroon Airlines, No. 05 Civ. 655 (LTS), 2005 WL

1353955, at *2 (S.D.N.Y. June 8, 2005).  If the moving party satisfies these requirements, the

Court should then consider, inter alia: (1) whether the foreign litigation poses a threat to the

enjoining court's jurisdiction; and (2) whether the foreign litigation would frustrate important

policies of the United States.  Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys.

Info. Techs., Inc., No. 02 Civ. 9369 (DFE), 2003 WL 23641529, at *11 (S.D.N.Y. June 4, 2003).

Defendant meets these criteria.  The issues and parties before the New York

arbitrators and the Brazilian court are substantially similar.  Cardell will be harmed if a

preliminary injunction is not entered because it will be forced to litigate the Auction claim

simultaneously in New York and Brazil, despite the bargained-for forum selection clause

providing for exclusive jurisdiction in New York.  See GE Med., 2003 WL 23641529, at *12;

Reliance Nat'l Ins. Co. v. Seismic Risk Ins. Servs., Inc., 962 F. Supp. 385, 391 (S.D.N.Y. 1997).

Thus, the Brazilian Action violates important policies favoring arbitration, Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co., 189 F.3d 289, 294 (2d Cir. 1999), and the enforcement of forum selection clauses, Farrell Lines Inc. v. Columbus Cello-Poly Corp., 32 F. Supp. 2d 118, 130 (S.D.N.Y. 1997).

Plaintiffs contend that an anti-suit injunction would be inappropriate because arbitration of the Auction claim is still pending.  Yet courts have enjoined foreign litigation in favor of parallel arbitration even before the arbitration has concluded.  See, e.g., Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, 198 F.3d 88, 99 (2d Cir. 1999); Smoothline Ltd. v. N. Am. Foreign Trading Corp., No. 00 Civ. 2798 (DLC), 2002 WL 273301, at *6 (S.D.N.Y. Feb. 27, 2002).  Plaintiffs' reliance on LAIF X SPRL v. Axtel, S.A., 390 F.3d 194 (2d Cir. 2004), is misplaced.  In that case, the district court declined to issue an anti-suit injunction against a litigation in Mexico that was related to an arbitration between the parties. The Court of Appeals affirmed.  LAIF is distinguishable, however, because the claims asserted in Mexico differed from those before the arbitrator.  In this action, the same Auction claim is at issue in both of the parallel proceedings.  Further, LAIF declined to enjoin the Mexican action in part because it involved questions arising under Mexican law.  LAIF, 390 F.3d at 200.  Here, the Auction claim is governed by New York law.  (Transcript of Proceedings, dated Oct. 16, 2006 ("Tr.") at 6.)

At oral argument, Plaintiffs represented that the Brazilian Complaint asserts a claim under Brazilian law for indemnification against Deltec because of Deltec's failure to make timely payments under the Loan Agreement.  (Tr. at 18-19.)  This claim is purportedly unrelated to the Auction and, therefore, need not be enjoined in light of the pending arbitration.  However, this argument was absent from Plaintiffs' opposition brief, and the Court need not consider an argument raised for the first time at oral argument.  See, e.g., United States v. Barnes, 158 F.3d

662, 672 (2d Cir. 1998) ("Normally, we will not consider arguments raised for the first time in a reply brief, let alone [at or] after oral argument" (citation omitted).); Process Res. Corp. v. Delta Air Lines, Inc., No. 98 Civ. 5648 (JGK), 2000 WL 145114, at *7 (S.D.N.Y. Feb. 3, 2000) ("The fact that the argument of estoppel was raised for the first time at oral argument would be reason enough to dismiss it."); Yesil v. Reno, 958 F. Supp. 828, 844 n.11 (S.D.N.Y. 1997) (declining to consider argument made for first time at oral argument); Basix Corp. v. Cubic Corp. (In re Basix Corp.), No. 96 Civ. 2478 (JSM), 1996 WL 517667, at *7 n.5 (S.D.N.Y. Sept. 11, 1996) (same).

Plaintiffs' contention would fail even if the Court were to consider it.  The Brazilian Complaint is a sprawling and somewhat convoluted document.  The Court has already ruled that any claim arising from abuse of control or breach of fiduciary duty is enjoined, and the Court rules today that Auction-related claims are also enjoined.  Plaintiffs imply that somewhere in the Brazilian Complaint, there is a claim for indemnification against Deltec that arises neither from abuse of control nor from the Auction.  Yet this directly contradicts Plaintiffs' assertion that in the Brazilian Action, "SAI/Worldstar maintained only those claims arising from events after the date of the Arbitration Award and from the Auction."  (Plaintiffs' Memorandum in Response to Order to Show Cause, dated Oct. 11, 2006 ("Pl. Mem.") at 2-3.)  Not surprisingly, Plaintiffs have failed to identify the portion of the Brazilian Complaint asserting a claim for indemnification unrelated to abuse of control, breach of fiduciary duty or the Auction.  Nor do Plaintiffs explain why any such claim would avoid compulsory arbitration in New York.

Even if the Brazilian Complaint did assert a distinct, non-arbitrable claim against Deltec, this Court would order Plaintiffs to amend the Brazilian Complaint to assert only that claim.  Yet Plaintiffs have demonstrated an inability or unwillingness to comply with such directives.  The January 3 Order required Plaintiffs to "revise their submissions" to the Brazilian court to remove the abuse of control allegations.  Suchodolski, 2006 WL 10886, at *4.  Instead

of filing an amended complaint, Plaintiffs asked the Brazilian Judge to ignore the abuse of control claims in the original Brazilian Complaint.  (Declaration of Ruy Pereira Camilo Junior, dated Oct. 11, 2006 ("Camilo Decl.") ¶¶ 5-10.)  This Court explained that "[because] the Brazilian Complaint's request for damages does not distinguish between the Auction claim and the abuse of control claim, it is impossible to isolate the portions of the Brazilian Complaint that violate this [January 3] Order."  Suchodolski, 2006 WL 10886, at *4.  Plaintiffs disregarded this Court's concern and required the Brazilian judge to do precisely what this Court found impossible—identify the aspects of the Brazilian Complaint that deal solely with the Auction claim.

Plaintiffs then represented the following to this Court:

> There is no procedure in Brazil whereby an "Amended Initial Petition" is filed.  Instead, amendments to the Initial Petition are accomplished by the filing of a separate petition with the judge identifying the changes.

(Pl. Mem. at 4.)  This is not true.  After Plaintiffs submitted the above-quoted opinion on Brazilian law, Cardell offered evidence that a party may amend its pleading in Brazil with the consent of other parties.  (Declaration of John H. Doyle, III, dated Oct. 13, 2006 ¶ 6.)  Although Plaintiffs do not dispute Cardell's evidence, they made no attempt to amend their pleadings in accord with Brazilian procedure.[2]  If Plaintiffs made no effort to tailor the Brazilian pleadings to comply with the January 3 Order, then tailored relief would be equally futile now.

Cardell's motion for an anti-suit injunction is granted.  For this reason, Cardell's request for a penalty for future non-compliance with the Court's previous orders is moot.  (Tr. at 9.)  However, Cardell may renew its contempt motion or seek other appropriate sanctions if Plaintiffs fail to comply with this Order.  Defendant also moves for attorneys' fees and costs

---

[2] Plaintiffs assert that Cardell has not appeared in the Brazilian Action, suggesting that it was impossible to seek Cardell's consent to amend the pleadings.  However, Plaintiffs have requested Cardell's consent regarding other matters before the Brazilian court.  (See, e.g., Tr. at 14.)

relating to the instant motions.  Because Defendant has failed to identify the statutory or

contractual basis for its request, the motion for attorneys' fees and costs is denied.

## CONCLUSION

Defendant's motion for an anti-suit injunction against the Auction-related claims

in the Brazilian Complaint is granted.  Plaintiffs, their officers, directors, employees and agents,

and all persons acting under their direction and control, are directed to withdraw from and

discontinue the Brazilian Action forthwith.  For purposes of clarity, anything short of full

withdrawal and discontinuance—for example, a stay or partial discontinuance—will constitute

noncompliance with this Order, and Plaintiffs will be sanctioned accordingly.  On November 28,

2006, Plaintiffs shall file and serve an affidavit confirming that they have fully complied with

this Order and detailing the method of compliance.  Defendant's motion for attorneys' fees and

costs is denied, and its contempt motion is denied as moot.

Dated:  November 16, 2006
        New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

John J. Burke, Esq.
Thelen Reid & Priest LLP
875 Third Avenue
New York, NY 10022-6225
*Counsel for Plaintiffs*

John H. Doyle, Esq.
Anderson, Kill, Olick & Oshinsky P.C.
1251 Avenue of the Americas
New York, NY 10020
*Counsel for Defendant*